## Case No. 4,789.

### In re FINDLAY.

[5 Biss. 480;[1] 9 N. B. R. 83; 6 Chi. Leg. News, 94.]

District Court, W. D. Wisconsin. Nov. 1873.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Orton, Keyes & Chynoweth, for petitioning creditors.

S. U. Pinney, for debtor.

HOPKINS, District Judge. This question has been raised on other occasions before me, and on intimating that I thought it a better practice to add a verification, parties have complied, and in that way the practice here has become settled to annex affidavit. But in this case the counsel for the debtor challenges the authority of the court to require a verified answer. So I have to examine and determine the question in a more considerate manner than I have heretofore done.

The section under which these proceedings are had is quite vague, and the meaning somewhat uncertain. It does not provide in what form the issue between the petitioning creditor and the debtor shall be framed. That seems to be left for the courts to arrange and determine. It ordains that the court shall "proceed summarily to hear the allegations of the petitioner and debtor, and * * * if the debtor on the same day so demand in writing, order a trial by jury * * * to ascertain the fact of such alleged bankruptcy."

This is all there is on the subject of forming the issue for trial, in the act. But it is claimed that "form 61," in general forms adopted by the supreme court under the authority contained in the act, being all there is in relation to that matter, is all that is necessary to constitute an issue for trial.

I can not adopt that view. That is the form of the order to be entered by the court. It is not an act or allegation of the debtor, but is an order of the court, based upon the allegation the debtor previously presented or communicated to the court in some form, either orally or in writing. The court is required to hear the "allegations of the petitioner and debtor."

The question is, what is meant by the word "allegations." On the part of the petitioner it must mean those stated in his petition on file, so as to him it means written allegation, and if so, for what reason should the courts permit or hold that the allegations of the debtor should be presented in a less formal and certain manner? I am unable to discover any. A reasonable construction

would require the debtor's allegations to be reduced to writing, and in such form as to raise an issue analogous to issues in other cases triable by a jury.

. . The word "allegations" is used in the act in the sense of "pleadings," as meaning a formal statement of the acts of bankruptcy in the petition, and a like formal defense of the debtor thereto, either a general denial which would put in issue all facts stated in the petition, or a statement of any matters in avoidance according to the rules governing pleadings in common-law cases. Construed in this way, it gives the proceedings the essential form used in other judicial proceedings, whereas the construction contended for by the debtor's counsel makes the proceeding anomalous, and not subject to any known rules relating to the forming of issues for trial before courts, and especially before juries. I think, in view of the objects to be obtained, and the manner of obtaining them, that the section should be construed as requiring the debtor to answer the petition in writing, and in courts where defenses are admissible upon oath of party only, that the same rule should apply to the answer of debtors to petitions filed against them under the provisions of the bankrupt law.

There has been some contrariety of opinion among the district judges on this question, and the practice in the different districts is not uniform.

But since the construction given in the case of Knickerbocker Ins. Co. v. Comstock [16 Wall. (83 U. S.) 258], by the supreme court of the United States, I am satisfied that in those courts where a verified answer in common law cases is necessary, it is equally imperative to file a verified answer in cases of this character.

Justice Clifford, who wrote the opinion of the court in that case, in considering the proceedings under this section, says: "Such a provision is certainly entitled to a reasonable construction, and it seems plain when it is read in the light of the principles of the constitution and of analogous enactments, and when tested by the general rules of law applicable in controversies involving the right of trial by jury, that the process, pleadings, and proceedings must be regarded as governed and controlled by the rules and regulations prescribed in the trial of civil actions at common law."

I understand from this language that the allegations of the debtor should be presented and embodied in substantially the same form as defenses in common-law cases.

The learned judge, in another part of his opinion, speaks of the petition as the "first pleading" of the moving party. If a pleading, it should be answered in the same way as other pleadings—in writing. Such a construction gives to the proceedings a judicial character, and harmonizes them with the proceedings ordinarily taken in suits in courts.

A general denial is tantamount to the general issue, and casts the burden of making out the case upon the petitioning creditor, and special matter in avoidance should be set up and presented in form of special pleas, as in other cases.

. If the pleadings are to be governed and controlled by the rules and regulations in common-law cases, the answer must be verified, for the code practice of this state is now the law governing pleadings in the federal courts in common-law cases. [Act June 1, 1872;] 17 Stat. 197.

And the Code requires all answers to be verified when the first pleadings of the moving party are verified; so, if I am right in my understanding of the decision of the supreme court, the debtor must verify his answer to the petition, else it may be treated as a nullity. Debtors are required to put in verified answers in the northern district of New York. In re Safe-Deposit & Sav. Inst. [Case No. 12,211].

In Re Sutherland [Case No. 13,638], it is held that whether the answer should be verified or not, depended upon the general rules of the court in regard to pleadings in bankruptcy. That case concedes the power of the bankrupt court to make rules requiring it. But under the decision of the supreme court supra special rules are not necessary, for it is there held that the "process, pleadings and proceedings are governed by the rules prescribed in common-law cases." In reaching this conclusion I have followed certain well-settled rules and principles in relation to pleadings and issues in courts of justice.

The general rule in all courts is to require a pleading or petition to be answered in as solemn a manner as it is required to be made —if made under oath to require the denial or answer to it to be under oath.

This was always the rule in equity, and latterly has commended itself to courts of law, so that the rule, in states where the improved system of pleading is adopted, is to require verified pleadings to be answered only upon the oath of the other party. Therefore requiring a sworn answer from the debtor is but assimilating the practice in cases and proceedings under this section to the practice of the courts in other cases and controversies.

It seems to me that the reasons for requiring a sworn answer in these cases are very apparent and cogent, as is well illustrated in this case.

This debtor is an extensive grocery merchant, with a large and valuable stock of goods. They were seized, and are now in the custody of the marshal under a provisional warrant, being held at a large expense for rent, etc., and also subject to material deterioration, which, if the debtor is a bankrupt, as is alleged in the sworn petition of the creditor and affidavit of another party filed with it, must be at the expense of his creditors; hence, to require the alleged bankrupt to meet such an allegation with a sworn de

nial, is not unreasonable, or a hardship that he can very meritoriously complain of.

- But this is not all. In this district we have but two stated terms a year, and unless a special jury is ordered the issue can not be tried until next June, and if one is ordered, as the justice of the case would almost seem to demand, it will be at a large public expense, which certainly ought not to be incurred unless there is a real defense to allegations or acts of bankruptcy set out in the petition. And if a debtor is permitted to answer without verification, I do not see any way of escape from the most vexatious and unreasonable delays on his part, destitute of merit or advantage to him, and burdensome and expensive to his creditors, besides casting an additional charge upon the public, and occupying the time of the court in the trial of frivolous issues. Such unjustifiable practice by a debtor can not be allowed, according to my understanding of the true intent and meaning of the section of the act under consideration. I therefore hold that the answer of a debtor to the petition must be verified the same as pleadings in suits at common law, and reject the proposed answer of the debtor until verified.